```
                                          FILED
                                  CLERK, U.S. DISTRICT COURT

                                      July 28, 2015

                                  CENTRAL DISTRICT OF CALIFORNIA
                                  BY:        PMC       DEPUTY
```

1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Cindy Chan (SBN 247495)
   cchan@blakelylawgroup.com
3  BLAKELY LAW GROUP
   1334 Parkview Avenue, Suite 280
4  Manhattan Beach, California 90266
   Telephone: (310) 546-7400
5  Facsimile: (310) 546-7401                                JS-6

6  *Attorneys for Plaintiff*
   *Luxottica Group, S.p.A.*

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 LUXOTTICA GROUP, S.p.A., an Italian ) CASE NO. 2:15-CV-04310-SVW-SS
   Corporation,                       )
12                                    ) [PROPOSED] ORDER RE
              Plaintiff,              ) PERMANENT INJUNCTION AND
13                                    ) VOLUNTARY DISMISSAL OF
        v.                            ) ACTION WITH PREJUDICE
14                                    )
   SUNGLASS PLUS a/k/a SUNGLASS       )
15 PLUS II, an unknown business entity; and )
   DOES 1-10, inclusive,              )
16                                    )
              Defendants.             )
17                                    )

18     **WHEREAS, Plaintiff Luxottica Group S.p.A** having filed a Complaint in this

19 action charging **Defendant Arsdat, Inc.** (erroneously sued as "Sunglass Plus a/k/a

20 Sunglass Plus II") with Trademark Infringement, False Designations of Origin, and

21 Unfair Competition under federal, state, and common law arising from Defendant's

22 unauthorized use of the Ray-Ban Marks to advertise, promote, market, offer for sale,

23 and sell look-alike eyewear that do not in fact originate from and are not affiliated,

24 sponsored, associated, and/or licensed by Luxottica; and

25     **WHEREAS**, Luxottica is the owner of various Ray-Ban Marks, including but

26 not limited the following United States Trademark Registrations:

27

28

| Trademark | Registration No. | Good And Services |
|---|---|---|
| *Ray-Ban* (signature logo) | 650,499 | sunglasses, shooting glasses, and ophthalmic lenses, in class 26. |
| | 1,093,658 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| | 1,726,955 | bags; namely, tote, duffle and all-purpose sports bags, in class 18.<br><br>cloths for cleaning ophthalmic products, in class 21.<br><br>clothing and headgear; namely, hats, in class 25. |
| RAY-BAN | 1,080,886 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles – in class 9. |
| | 1,490,305 | clothing, namely, t-shirts, in class 25. |
| | 2,718,485 | goods made of leather and imitation leather, namely, wallets, card cases for business cards, calling cards, name cards and credit cards in class 18.<br><br>clothing for men and women, namely, polo shirts; headgear, namely, berets and caps. |
| Ray-Ban (circular seal logo) | 1,320,460 | sunglasses and carrying cases there for, in class 9. |

2
[PROPOSED] ORDER

| | | |
|---|---|---|
| | 3,522,603 | sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses, in class 9. |

**WHEREAS**, the parties herein having simultaneously entered into a Settlement Agreement and Mutual Release; and

**WHEREAS**, the parties hereto desiring to fully settle all of the claims in this action among the parties to this Final Judgment; and

**WHEREAS**, Defendant has agreed to consent to the below terms of a permanent injunction without any admission of wrongdoing, **IT IS HEREBY ORDERED** that:

1. Defendant and its agents, servants, employees and all persons in active concert and participation with it who receive actual notice of this Consent Judgment are hereby permanently restrained and enjoined from:

(a) Using the Ray-Ban Marks in connection with the manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, and/or selling of Defendant's products, including but not limited to the display of said trademarks at Defendant's stores and/or website to promote, advertise, and/or offer for sale products that are not authorized, approved, and/or originate from Plaintiff;

(b) Using the Ray-Ban Marks an or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise, or in any manner likely to cause others to believe that Defendant's products are authorized, licensed, and/or sponsored by Plaintiff;

(c) Knowingly assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 1(a) to 1(b) above.

**WHEREAS**, Plaintiff and Defendant have further agreed as follows, **IT IS FURTHER ORDERED** that:

2. This Court has jurisdiction over the parties to this Final Consent Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

3. Plaintiff and Defendant shall bear their own costs and attorneys' fees associated with this action.

4. Plaintiff hereby dismisses with prejudice its claims against Defendant in this action, however, such dismissal shall not have preclusive effect on those who are not a party to this Stipulation or who are not specifically released in the parties' written settlement agreement, all claims against whom Plaintiff expressly reserves.

5. The execution of this Consent Judgment shall serve to bind and obligate the parties hereto.

6. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Consent Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice.

DATED: _____July 28\_\_\_\_\_, 2015           _____
                                             Honorable Stephen V. Wilson
                                             **United States District Judge**